IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16CR216 |
| vs. | ORDER |
| RAMONA WOLFE, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Reevaluation of Defendant's Mental Competency (Filing No. 170). The Court held a hearing on the motion on October 30, 2017. Defendant requests that the Court order another mental examination to reevaluate whether she is competent to stand trial, assist in her defense, and enter into a plea agreement. Defendant requests that Dr. Matthew Huss perform the reevaluation.

Pursuant to 18 U.S.C. § 4241(a), a court must grant a motion for a hearing to determine the mental competency of the defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Prior to the mental competency hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)." 18 U.S.C. § 4241(b).

Upon review of Defendant's motion, and for the reasons documented on the record at the hearing, the Court concludes reasonable cause exists to believe Defendant "may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Court finds that a licensed mental health professional should be appointed to conduct a reevaluation of Defendant's mental competency, and that a report should be presented to the Court upon completion of said evaluation. See 18 U.S.C. § 4241(b). The examination and report must comply with 18 U.S.C.

§§ 4247(b) and (c). However, the Court denies Defendant's request that Dr. Matthew Huss perform the reevaluation. Accordingly,

**IT IS ORDEDED**:

1. The Motion for Reevaluation of Defendant's Mental Competency (Filing No. 170) is granted, in part, and denied in part, as stated on the record at the hearing.

2. Prior to the competency hearing, Terry A. Davis, M.D., J.D., F.A.P.A, a licensed mental health professional, shall conduct a psychological or psychiatric evaluation to determine Defendant's competency to stand trial. See 18 U.S.C. § 4247(b).

3. The competency evaluation report shall include: (1) Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis, prognosis, and (5) whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him or to assist properly in her defense, along with an opinion as to Defendant's competency to enter a guilty plea.[1] See 18 U.S.C. § 4247(c).

4. The competency evaluation report shall be filed with the Court with copies provided to the counsel for Defendant and to the attorney for the Government. See 18 U.S.C. § 4247(c).

5. Upon receipt of the competency evaluation report, the Court will hold an evidentiary hearing pursuant to 18 U.S.C. § 4241(c) and 18 U.S.C. § 4247(d).

6. The time between today's date and the resolution of this matter is excluded from the speedy trial calendar in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(1)(A), and pending a determination of Defendant's mental competency.

Dated this 30th day of October, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] In accepting a guilty plea, the Court must be satisfied that Defendant has sufficient mental competency to waive her constitutional rights, to make a reasoned choice among the alternatives presented to her, and to understand the nature and consequences of the guilty plea.