IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 8:16CR216 |
| vs. | ORDER |
| RAMONA WOLFE, | |
| Defendant. | |

This matter is before the Court following an evidentiary hearing held pursuant to 18 U.S.C. § 4247(d) and 18 U.S.C. § 4241(a) to determine Defendant's mental competency to stand trial. Previously, the Court granted, in part, Defendant's Motion for Reevaluation of Defendant's Mental Competency (Filing No. 170) pending the Court's receipt of a competency evaluation report. (Filing No. 210). A supplemental report by Dr. Terry A. Davis, M.D., J.D. was filed on October 10, 2018. (Filing No. 238). The evidentiary hearing was held before the undersigned magistrate judge on November 8, 2018. Defendant was present with her counsel, William J. Pfeffer. The United States was represented by Assistant United States Attorney, Douglas Semisch. The Court took judicial notice of the docket, including the supplemental report of Dr. Davis (Filing No. 238) and his attached Curriculum Vitae, without objection. Dr. Davis testified at the evidentiary hearing and the parties stipulated to the foundation for his opinions. Defendant was not called as a witness. The Court received into evidence the government's Exhibits 1 and 2, without objection. Counsel were provided opportunity for argument. The matter is now fully submitted to the Court.

In his supplemental report, Dr. Davis concludes that Defendant "has experienced a severe deterioration of her mental state and cognitive abilities to the point that she is not competent to stand trial and she cannot be restored to competency." As stated in his report and testimony, Dr. Davis believes that Defendant is suffering from a Major Neurocognitive Disorder/Dementia, which "is a permanent and progressive condition that will only result in a further deterioration of her mental state and her cognitive abilities over time." (Filing No. 238 at p. 5). Further, it is Dr. Davis' opinion, to a reasonable degree of medical and psychiatric certainty, that Defendant:

does not know or understand the nature and substance of the charges against her; the nature, substance, and object of the proceedings against her; the possible

> penalties for her offenses; or the roles of the various participants in the courtroom process. She is not capable of understanding her constitutional rights. She is not able to assist her attorney in her defense or consult with her attorney with a reasonable degree of rational understanding. She does not have a rational or a factual understanding of the proceedings against her.

([Filing No. 238 at p. 5](#)).

Again, it is Dr. Davis' opinion that it is not possible to restore Defendant to competency in the future. Therefore, pursuant to 18 U.S.C. § 4241, the court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect which renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

The government did not request that Defendant be committed under 18 U.S.C. § 4241(d) to the custody of the Attorney General, nor did it assert that Defendant is presently suffering from a mental disease or defect as a result of which her release would create a substantial risk of bodily injury to another person or serious damage to property of another. The record is devoid of clear and convincing evidence to the contrary. See 18 U.S.C. § 4246(d).

Accordingly, this case insofar as it relates to Defendant Ramona Wolfe, is removed from the trial calendar pending restoration of Defendant's mental competency, if ever. The time between today's date and such time is excluded from the speedy trial calendar in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED.**

Dated this 9th day of November, 2018.

                                         BY THE COURT:

                                         s/ Michael D. Nelson
                                         United States Magistrate Judge